**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| EDDY WARANKIRAN, | No. 08-70965 |
| Petitioner, | Agency No. A095-629-969 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 20, 2011[**]

Before:    RYMER, THOMAS, and PAEZ, Circuit Judges.

Eddy Warankiran, a native and citizen of Indonesia, petitions for review of

the Board of Immigration Appeals' order dismissing his appeal from an

immigration judge's decision denying his application for asylum and withholding

of removal.  We have jurisdiction under 8 U.S.C. § 1252.  We review for

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

substantial evidence factual findings, *Wakkary v. Holder*, 558 F.3d 1049, 1056 (9th Cir. 2009), and we deny the petition for review.

In his opening brief, Warankiran fails to challenge the agency's dispositive determination that his asylum claim was time-barred.

Substantial evidence supports the agency's finding that the threats Warankiran heard while at church in September 1985 did not rise to the level of past persecution. *See Nahrvani v. Gonzalez*, 399 F.3d 1148, 1153-54 (9th Cir. 2005). Substantial evidence also supports the agency's determination that the experiences of Warankiran's family members still living in Indonesia do not rise to the level of past persecution. *See Gu v. Gonzales*, 454 F.3d 1014, 1019-20 (9th Cir. 2006); *Nagoulko v. INS*, 333 F.3d 1012, 1017 (9th Cir. 2003) (no past persecution where petitioner was only pushed and threatened). Substantial evidence supports the agency's finding that Warankiran has not established a clear probability of persecution because, even under a disfavored group analysis, Warankiran has not established sufficient evidence of individualized risk. *See Hoxha v. Ashcroft*, 319 F.3d 1179, 1185 (9th Cir. 2003); *Wakkary v. Holder*, 558 F.3d at 1066-67 ("[a]n applicant for withholding of removal will need to adduce a considerably larger quantum of individualized-risk evidence"). Finally, the record does not compel the conclusion that there is a pattern and practice of persecution

against Christians in Indonesia.  *See Lolong v. Gonzales*, 484 F.3d 1173, 1180-81 (9th Cir. 2007) (en banc).  Accordingly, we deny Warankiran's petition as to his withholding of removal claim.

**PETITION FOR REVIEW DENIED.**